Document      Page 1 of 16

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

Allison Miller Waterbury

        Debtor.

_____

Allison Miller Waterbury,

        Plaintiff,

v.

American University of Antigua,

        Defendant.

_____

Bky. Case No. 18-42930
Adv. Case No. 19-04041

**NOTICE OF HEARING AND
MOTION FOR ENTRY
OF DEFAULT JUDGMENT**

TO: American University of Antigua, c/o Manipal Education Americas, LLC, attn: Prabhu Marudheri, One Battery Park Plaza, 33rd Floor, New York, NY 10004.

1. Allison Miller Waterbury ("Plaintiff"), by her undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 11:30 a.m. on July 2, 2019 or as soon thereafter as counsel can be heard, in U.S. Bankruptcy Court, Courtroom 7 West, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota 55415.

3. Any response to this motion must be filed and served not later than the 27th day of June, 2019, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY**

**FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. Section 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on September 16, 2018. Discharge was granted December 12, 2018. The case is now pending before this Court.

5. This motion arises under 11 U.S.C. Section 523(a)(8) and Bankruptcy Rule 9013. This motion is filed under Bankruptcy Rule 9014 and Local Rule 9013-1.

**WHEREFORE**, Plaintiff moves the Court for entry of default judgment, and for such other relief as may be just and equitable.

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

PLEASE TAKE NOTICE, that pursuant to Local Bankruptcy Rule 7055-1, the plaintiff hereby moves for entry of default judgment in the above-referenced adversary proceeding. This motion is based upon all of the pleadings, file and record herein, the accompanying Affidavit of Default and Identification of Defaulting Party, and the accompanying Affidavit on the Merits. Pursuant to Local Bankruptcy Rule 7055-1, the court in its discretion may order a hearing before entry of default judgment.

Dated: June 11, 2019

/e/Michael K. Hoverson
HOVERSON LAW OFFICES, P.A.
By: Michael K. Hoverson
Attorney for Plaintiff
300 Union Plaza
333 Washington Avenue North
Minneapolis, MN 55401
(612) 349-2728
Attorney I.D. #175948

VERIFICATION: I, Michael K. Hoverson, attorney for the Plaintiff, declare under penalty of perjury that the foregoing is true and

correct according to the best of my knowledge and belief.

Dated: June 11, 2019                                         /e/Michael K. Hoverson

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

Allison Miller Waterbury

        Debtor.

_____

Allison Miller Waterbury,

        Plaintiff,

v.

American University of Antigua,

        Defendant.

_____

Bky. Case No. 18-42930
Adv. Case No. 19-04041

**AFFIDAVIT OF DEFAULT AND IDENTIFICATION OF DEFAULTING PARTY**

STATE OF MINNESOTA )
                       )ss.
COUNTY OF HENNEPIN )

Michael K. Hoverson, being first duly sworn, deposes and states:

1. I am an attorney and principal with the law firm of Hoverson Law Offices, P.A., 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401, and duly licensed to practice law in the State of Minnesota and before this Court.

2. I represent Plaintiff Allison Waterbury in the above-captioned matter and I am familiar with the status of the above-referenced litigation.

3. On February 22, 2019, I served by certified first class mail the Defendant, American University of Antigua, with the Summons and Complaint in the above-referenced matter. The certified mail was signed by Defendant's representative on March 1, 2019. The Unsworn Certificate of Service was filed with this Court on April 7, 2019.

4. More than 30 days have elapsed since the date of the summons, with no response from the Defendant.

5. I have attempted to contact Defendant, through its representative Prabhu Maruderi, by telephone three times and by electronic mail one time, to discuss the matter. I have received no responses from Defendant or anyone on behalf of Defendant, to my communications. Attached hereto as Exhibit A is a true and correct copy of my electronic mail dated April 29, 2019 to Mr. Maruderi.

6. To the best of my knowledge, information and belief, the full name and address of the Defendant is as follows: American University of Antigua, University Park, Jabberwock Beach Road, PO Box W1451, Coolidge, Antigua. It also has an office in the State of New York, with a mailing address of American University of Antigua, c/o Manipal Education Americas, LLC, attn: Prabhu Marudheri, One Battery Park Plaza, 33rd Floor, New York, NY 10004.

7. To the best of my knowledge, information and belief, the Defendant is not now, nor has been at any time relevant hereto, a member of the military, an infant, or of non-competent status.

_____
Michael K. Hoverson

Subscribed and sworn to before me this **5th** day of June, 2019.

_____
Notary Public

JAN MAREE NICKELLS
Notary Public
Minnesota
My Commission Expires
Jan 31, 2023

**Subject:** Allison Waterbury vs. American University of Antigua; Adv. Case No 19-04041
**From:** Mike Hoverson <hoverson@bitstream.net>
**Date:** 4/29/2019, 1:14 PM
**To:** pmarudheri@auamed.org

Mr. Marudheri,

I represent Allison Waterbury in the above-mentioned adversary proceeding. I served you by certified mail with the Summons and Complaint on February 22, 2019 and you or someone in your office signed for the certified mail on 3/1/19.

I have left you phone messages on 4/16/19, 4/25/19, 4/26/19, and today to discuss your intentions in this matter.

Please be so kind to return my call or advise me who is handing this matter in your office so I can discuss it. If it is in your legal department, please have your attorney call me or provide the name and phone number of your attorney.

I am attaching as a pdf a copy of the service letter, Summons, and Complaint.

Sincerely,

--
Michael K. Hoverson
Attorney at Law
Hoverson Law Offices, P.A.
333 Washington Avenue North, Suite 300
Minneapolis, MN 55401
phone: (612)349-2728
fax: (612)349-2726
email: hoverson@bitstream.net
www.hoversonlaw.com

IMPORTANT NOTICE:
This email message, including attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, copying, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by phone or reply via email and destroy all copies of the original message. Thank you.

---Attachments:

service letter & Summons & Complaint 2.22.19.pdf                247 KB

*Exhibit A*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Allison Miller Waterbury

        Debtor.

        Bky. Case No. 18-42930
        Adv. Case No. 19-04041

---

Allison Miller Waterbury,

        Plaintiff,

v.

        **AFFIDAVIT ON THE MERITS**

American University of Antigua,

        Defendant.

---

STATE OF MINNESOTA )
                         )ss.
COUNTY OF HENNEPIN )

Allison Waterbury, being first duly sworn, deposes and states:

1. I am the Plaintiff in the above-captioned matter and I am personally familiar with the facts and circumstances of the above-captioned litigation.

2. I reside at 1025 Yuma Lane N., Plymouth, Minnesota 55447.

3. My bankruptcy case was commenced under Chapter 7 of the United States Bankruptcy Code on September 16, 2018, as case BKY 18-42930. Said case is now pending in this court. Discharge was granted December 12, 2018.

4. Defendant American University of Antigua is a for-profit medical school in the Caribbean with a mailing address of University Park, Jabberwock Beach Road, PO Box W1451, Coolidge, Antigua. It also has an office in the State of New

York, with a mailing address of American University of Antigua, c/o Manipal Education Americas, LLC, attn: Prabhu Marudheri, One Battery Park Plaza, 33rd Floor, New York, NY 10004.

5. Defendant American University of Antigua is the owner, guarantor, and holder of seven (7) private consumer education loans of mine, which obligations are unsecured and have a balance of $291,007.21 as of January 24, 2019. The breakdown of the loans are as follows: loan *1002 $38,621.03; *1003 $37,489.15; *1010 $38,671.48; *1001 $55,786.36; *1008 $39,692.97; *1009 $40,851.26; and, *1007 $39,894.96. These loans are currently being serviced by American Education Services.

6. In addition to the private consumer education loans described above, I obtained federally insured student loans to attend other institutions to finance my education not related to American University of Antigua. The outstanding balance of these loans at the date of the chapter 7 filing were $140,291.00. These loans are broken down as follows: FFEL consolidated student loan in the amount of $50,720.00; and, seven (7) Direct Stafford student loans in the amount of $89,571.00.

7. I attended American University of Antigua College of Medicine between 2008 and 2012. During that time, I incurred seven (7) consumer education loans as set forth at paragraph 5 of this Affidavit. These loans were used for tuition expenses for medical school at American University of Antigua College of Medicine. American University of Antigua College of Medicine was not a recognized institution under Title IV of the Higher Education Act as defined in 20 U.S.C. 1088 during those years, and thus was not Title IV accredited and not an eligible institution.

8. My Non-Qualified Education Loans were not excepted from discharge under Section 523(a)(8)(B).

9. I am currently experiencing severe financial hardship.

10. I am 43 years old, and I have health issues which restrict and limit my employability and earning capacity. I am currently unemployed as of April 13, 2019.

11. Prior to being unemployed, I was earning approximately $30,000 a year.

12. My income is insufficient to pay all of my monthly living expenses, and my consumer education loans held by Defendant have imposed an undue hardship upon me.

13. My monthly payment to service all of my consumer education loans held by Defendant is $3,468.13 per month, which is more than I made each month when I was employed.

14. I am currently paying my federal student loans a total of $10.00 per month for the next nine (9) months in a loan rehabilitation program and then I plan to enter into an Income Based Repayment (hereinafter "IBR") plan to pay based on my income. I will be in this IBR plan for twenty-five (25)

years. I am not seeking discharge of my federal student loans and they are not part of this proceeding.

15. I have made payments to the best of my ability over the years on both my private and federal student loans.

16. I have acted in good faith to obtain employment, minimize expenditures, and maximize earnings and resources, and despite such efforts, I am unable to make any payments towards my consumer education loans held by Defendant, and such obligations impose an undue hardship upon me.

17. Repayment of my consumer education loans held by Defendant would constitute an "undue hardship" under the totality of the circumstances test.

_____
Allison Waterbury

Subscribed and sworn to before me
this 6th day of June, 2019.

_____
Notary Public

MICHAEL K HOVERSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

Allison Miller Waterbury

        Debtor.

_____

Allison Miller Waterbury,

        Plaintiff,

v.

American University of Antigua,

        Defendant.

_____

Bky. Case No. 18-42930
Adv. Case No. 19-04041

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

This adversary proceeding is before the court on the Plaintiff's application for default judgment. Based on the application and the file, the court makes the following:

**FINDINGS OF FACT**

1. Plaintiff is an individual residing at 1025 Yuma Lane N., Plymouth, Minnesota 55447.

2. Plaintiff's bankruptcy case was commenced under Chapter 7 of the United States Bankruptcy Code on September 16, 2018, as case BKY 18-42930. Said case is now pending in this court. Discharge was granted December 12, 2018.

3. Defendant American University of Antigua is a for-profit medical school in the Caribbean with a mailing address of University Park, Jabberwock Beach Road, PO Box W1451, Coolidge, Antigua. It also has an office in the State of New York, with a mailing address of American University of Antigua, c/o Manipal Education Americas, LLC, attn: Prabhu Marudheri, One Battery Park Plaza, 33rd Floor, New York, NY 10004.

4. Defendant American University of Antigua is the owner, guarantor, and holder of seven (7) private consumer education loans of the Plainitff, which obligations are unsecured and have a balance of $291,007.21 as of January 24, 2019. The breakdown of the loans are as follows: loan *1002 $38,621.03; *1003 $37,489.15; *1010 $38,671.48; *1001 $55,786.36; *1008 $39,692.97; *1009 $40,851.26; and, *1007 $39,894.96. These loans are currently being serviced by American Education Services.

5. In addition to the private consumer education loans described above, Plaintiff obtained federally insured student loans to attend other institutions to finance her education not related to American University of Antigua. The outstanding balance of these loans at the date of the chapter 7 filing were $140,291.00. These loans are broken down as follows: FFEL consolidated student loan in the amount of $50,720.00; and, seven (7) Direct Stafford student loans in the amount of $89,571.00.

6. Plaintiff attended American University of Antigua College of Medicine between 2008 and 2012. During that time, Plaintiff incurred seven (7) consumer education loans as set forth at paragraph 4 above. These loans were used for tuition expenses for medical school at American University of Antigua College of Medicine. American University of Antigua College of

   Medicine was not a recognized institution under Title IV of the Higher Education Act as defined in 20 U.S.C. 1088 during those years, and thus was not Title IV accredited and not an eligible institution.

7. Plaintiff's Non-Qualified Education Loans were not excepted from discharge under Section 523(a)(8)(B).

8. Plaintiff is currently experiencing severe financial hardship.

9. Plaintiff is 43 years old, and she has health issues which restricts and limits her employability and earning capacity. Plaintiff is currently unemployed as of April 13, 2019.

10. Prior to being unemployed, and despite her best efforts, Plaintiff was earning approximately $30,000 a year.

11. Plaintiff's income is insufficient to pay all of her monthly living expenses, and her consumer education loans held by Defendant have imposed an undue hardship upon her.

12. Plaintiff's monthly payment to service all her consumer education loans held by Defendant is $3,468.13 per month, which is more than she makes each month.

13. Plaintiff is currently paying her federal student loans a total of $10.00 per month for the next nine (9) months in a loan rehabilitation program and then she plans to enter into an Income Based Repayment (hereinafter "IBR") plan to pay based on her income. Plaintiff will be in this IBR plan for twenty-five (25) years. Plaintiff is not seeking discharge of her federal student loans and they are not part of this proceeding.

14. Plaintiff has made payments to the best of her ability over the years on both her private and federal student loans.

15. Plaintiff has acted in good faith to obtain employment, minimize expenditures, and maximize earnings and resources, and despite such efforts, Plaintiff is unable to make any payments towards her consumer education loans held by Defendant, and such obligations impose an undue hardship upon her.

16. Repayment of Plaintiff's consumer education loans would constitute an "undue hardship" under the totality of the circumstances test.

**CONCLUSIONS OF LAW**

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334, and Fed. R. Bankr. P. 7001.  This is a core proceeding under 28 U.S.C. Section 157(b)(2)(I).

2. American University of Antigua College of Medicine was not a recognized institution under Title IV of the Higher Education Act as defined in 20 U.S.C. 1088 during the years Plaintiff attended said institution, and thus was not Title IV accredited and not an eligible institution.  Plaintiff's consumer education loans owned by Defendant are not qualified educational loans as defined in section 221(d)(1) of the Internal Revenue Code of 1986.

3. Plaintiff's consumer education loans owned by Defendant are not qualified education loans as defined by 11 U.S.C. Section 523(a)(8)(B), and were discharged upon entry of the discharge

order.

4. Plaintiff's consumer education loans owned by Defendant impose an undue hardship on the Plaintiff pursuant to 11 U.S.C. §523(a)(8), and Plaintiff's debts to Defendant are not excepted from her discharge.

**IT IS ORDERED:**

The Plaintiff's total debt to the Defendant is not excepted from the Plaintiff's discharge.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:_____

BY THE COURT:

_____
MICHAEL E. RIDGWAY
United States Bankruptcy Judge

**UNSWORN CERTIFICATE OF SERVICE**

June 11, 2019

RE: Allison Miller Waterbury
    Bky. Case No. 18-42930
    Adv. Case No. 19-04041
    Allison Miller Waterbury vs. American University of Antigua

I certify that on June 11, 2019, I caused the attached letter(s) and documents described in the attached letter(s) to be served on the party(ies) named in the attached letter on the above-mentioned date, by placing true and correct copies thereof in envelopes addressed to each party listed on the attached letter and deposited the same in the United States Mail, Minneapolis, Minnesota.

Dated: June 11, 2019

                                            <u>/e/ Michael K. Hoverson</u>
                                            Hoverson Law Offices, P.A.
                                            Attorney for Plaintiff
                                            333 Washington Avenue N., Suite 300
                                            Minneapolis, MN 55401
                                            (612) 349-2728
                                            Attorney I.D. No. 175948

**HOVERSON LAW OFFICES, P.A.**

300 UNION PLAZA
333 WASHINGTON AVENUE NORTH
MINNEAPOLIS, MINNESOTA 55401
PH. 612.349.2728  FX. 612.349.2726
hoverson@bitstream.net
www.hoversonlaw.com

June 11, 2019

American University of Antigua
c/o Manipal Education Americas, LLC
attn: Prabhu Marudheri
One Battery Park Plaza, 33rd Floor
New York, NY 10004


RE: Allison Miller Waterbury
    Bky. Case No. 18-42930
    Adv. Case No. 19-04041
    Allison Miller Waterbury vs. American University of Antigua


Dear Mr. Marudheri:

Enclosed herein and served upon you by U.S. Mail postage prepaid, please find **NOTICE OF HEARING AND MOTION FOR ENTRY OF DEFAULT JUDGMENT, AFFIDAVIT OF DEFAULT AND IDENTIFICATION OF DEFAULTING PARTY, AFFIDAVIT ON THE MERITS,** and proposed **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT** regarding the above-mentioned matter.


Sincerely,

Michael K. Hoverson
Attorney at Law

enclosures

cc: Allison Waterbury