**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

Allison Miller Waterbury

        Debtor.

                          Bky. Case No. 18-42930
                          Adv. Case No. 19-04041

_____

Allison Miller Waterbury,

        Plaintiff,

v.                            **FINDINGS OF FACT,**
                            **CONCLUSIONS OF LAW,**
                                **AND ORDER FOR**
                             **DEFAULT JUDGMENT**

American University of Antigua,

        Defendant.

_____

This adversary proceeding is before the court on the Plaintiff's application for default judgment. Based on the application and the file, the court makes the following:

**FINDINGS OF FACT**

1. Plaintiff is an individual residing at 1025 Yuma Lane N., Plymouth, Minnesota 55447.

2. Plaintiff's bankruptcy case was commenced under Chapter 7 of the United States Bankruptcy Code on September 16, 2018, as case BKY 18-42930. Said case is now pending in this court. Discharge was granted December 12, 2018.

3. Defendant American University of Antigua is a for-profit medical school in the Caribbean with a mailing address of University Park, Jabberwock Beach Road, PO Box W1451, Coolidge, Antigua. It also has an office in the State of New York, with a mailing address of American University of Antigua, c/o Manipal Education Americas, LLC, attn: Prabhu Marudheri, One Battery Park Plaza, 33rd Floor, New York, NY 10004.

4. Defendant American University of Antigua is the owner, guarantor, and holder of seven (7) private consumer education loans of the Plainitff, which obligations are unsecured and have a balance of $291,007.21 as of January 24, 2019. The breakdown of the loans are as follows: loan *1002 $38,621.03; *1003 $37,489.15; *1010 $38,671.48; *1001 $55,786.36; *1008 $39,692.97; *1009 $40,851.26; and, *1007 $39,894.96. These loans are currently being serviced by American Education Services.

5. In addition to the private consumer education loans described above, Plaintiff obtained federally insured student loans to attend other institutions to finance her education not related to American University of Antigua. The outstanding balance of these loans at the date of the chapter 7 filing were $140,291.00. These loans are broken down as follows: FFEL consolidated student loan in the amount of $50,720.00; and, seven (7) Direct Stafford student loans in the amount of $89,571.00.

6. Plaintiff attended American University of Antigua College of Medicine between 2008 and 2012. During that time, Plaintiff incurred seven (7) consumer education loans as set forth at paragraph 4 above. These loans were used for tuition expenses for medical school at American University of Antigua College of Medicine. American University of Antigua College of

        Medicine was not a recognized institution under Title IV of the Higher Education Act as defined in 20 U.S.C. 1088 during those years, and thus was not Title IV accredited and not an eligible institution.

7. Plaintiff's Non-Qualified Education Loans were not excepted from discharge under Section 523(a)(8)(B).

8. Plaintiff is currently experiencing severe financial hardship.

9. Plaintiff is 43 years old, and she has health issues which restricts and limits her employability and earning capacity. Plaintiff is currently unemployed as of April 13, 2019.

10. Prior to being unemployed, and despite her best efforts, Plaintiff was earning approximately $30,000 a year.

11. Plaintiff's income is insufficient to pay all of her monthly living expenses, and her consumer education loans held by Defendant have imposed an undue hardship upon her.

12. Plaintiff's monthly payment to service all her consumer education loans held by Defendant is $3,468.13 per month, which is more than she makes each month.

13. Plaintiff is currently paying her federal student loans a total of $10.00 per month for the next nine (9) months in a loan rehabilitation program and then she plans to enter into an Income Based Repayment (hereinafter "IBR") plan to pay based on her income. Plaintiff will be in this IBR plan for twenty-five (25) years.  Plaintiff is not seeking discharge of her federal student loans and they are not part of this proceeding.

14. Plaintiff has made payments to the best of her ability over the years on both her private and federal student loans.

15. Plaintiff has acted in good faith to obtain employment, minimize expenditures, and maximize earnings and resources, and despite such efforts, Plaintiff is unable to make any payments towards her consumer education loans held by Defendant, and such obligations impose an undue hardship upon her.

16. Repayment of Plaintiff's consumer education loans would constitute an "undue hardship" under the totality of the circumstances test.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334, and Fed. R. Bankr. P. 7001. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(I).

2. American University of Antigua College of Medicine was not a recognized institution under Title IV of the Higher Education Act as defined in 20 U.S.C. 1088 during the years Plaintiff attended said institution, and thus was not Title IV accredited and not an eligible institution. Plaintiff's consumer education loans owned by Defendant are not qualified educational loans as defined in section 221(d)(1) of the Internal Revenue Code of 1986.

3. Plaintiff's consumer education loans owned by Defendant are not qualified education loans as defined by 11 U.S.C. Section 523(a)(8)(B), and were discharged upon entry of the discharge

order.

4. Plaintiff's consumer education loans owned by Defendant impose an undue hardship on the Plaintiff pursuant to 11 U.S.C. §523(a)(8), and Plaintiff's debts to Defendant are not excepted from her discharge.

**IT IS ORDERED:**

The Plaintiff's total debt to the Defendant is not excepted from the Plaintiff's discharge.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: *August 14, 2019*

BY THE COURT:

*/e/ Michael E. Ridgway*
MICHAEL E. RIDGWAY
Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *08/14/2019*
Lori Vosejpka, Clerk, by MJS

```
                         United States Bankruptcy Court
                              District of Minnesota
Waterbury,
         Plaintiff                                          Adv. Proc. No. 19-04041-MER

American University of Antigua,
         Defendant
```

## CERTIFICATE OF NOTICE

```
District/off: 0864-4       User: michaels            Page 1 of 1           Date Rcvd: Aug 14, 2019
                           Form ID: pdf111           Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2019.
```
pla             +Allison Miller Waterbury,    1025 Yuma Lane N,    Plymouth, MN 55447-3608
dft             +American University of Antigua,    One Battery Park Plaza, 33rd Floor,    New York, NY 10004-1416
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2019 at the address(es) listed below:
```
              Michael K. Hoverson    on behalf of Plaintiff Allison Miller Waterbury hoverson@bitstream.net
              Timothy  O'Brien    on behalf of Defendant    American University of Antigua
               timobrien@tobrienlaw.com, kelley@eporterlaw.com
                                                                                             TOTAL: 2
```